# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BETTY BERNAL**, individually and on behalf of other employees similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. ) ) JURY DEMAND |
| vs. | ) ) |
| **TCC WIRELESS, LLC** | ) ) |
| Defendant. | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

NOW COMES the Plaintiff Betty Bernal ("Bernal" or "Plaintiff"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq.*, commonly known as the Fair Labor Standards Act ("FLSA"); 820 ILCS § 105/1 *et seq.*, commonly known as the Illinois Minimum Wage Law ("IMWL"); and 820 ILCS § 115/1 *et seq.*, commonly known as the Illinois Wage Payment and Collection Act ("IWPCA"), and complains against Defendant TCC Wireless, LLC ("Defendant"), and in support states:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's willful violations of state and federal wage and hour laws to Plaintiff and other similarly situated employees. Plaintiff brings this action against Defendant to recover unpaid wages, interest, statutory penalties, liquidated damages, and attorney's fees and costs owed to her and other similarly situated current and former employees. Plaintiff also brings this action to obtain declaratory and injunctive relief as well as all other relief that the Court deems appropriate.

2. Defendant's unlawful compensation practices have, and have had, the effect of

denying Bernal and other similarly situated employees their earned and living wages.

3. Bernal's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

5. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. § 1367 because they are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is properly placed in the Northern District of Illinois, Eastern Division, through 28 U.S.C. § 1391(b), because a substantial part of the facts, events, or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES
### Plaintiff

7. Bernal resides and is domiciled in Cook County, Illinois, which is in this judicial district.

8. Defendant TCC Wireless, LLC employed Bernal as an associate and from November 2016 to December 2016.

9. During the course of her employment, Bernal handled goods that move, or that are intended to move, in interstate commerce.

10. Bernal is an "employee" as defined by the FLSA, 29 U.S.C. § 203(e), the IMWL, 820 ILCS § 105/3(d), and the IWPCA, 820 ILCS § 115/2.

**Defendant**

11. Defendant is a limited liability company headquartered at 565 Randy Rd. Carol Stream, Illinois 60188.

12. Defendant owns and/or operates numerous T-Mobile retail stores in 11 different states across the country.

13. Defendant owns and/or operates over 100 T-Mobile retail stores across the country with over 30 stores in Illinois.

14. Defendant is an entity doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C § 203(r)(1), engaged in commerce with the meaning of 29 U.S.C § 203(s)(1)(A).

15. During relevant times, Defendant engaged in annual gross sales or business in excess of $500,000.00.

16. Defendant owns and/or operates the T-Mobile retail store located at 6342 N Cicero Ave. Chicago, Illinois 60646 where Plaintiff Bernal was employed.

17. Defendant is Plaintiff Bernal's "employer" as the term is defined by the FLSA, 29 U.S.C § 203(d), the IMWL, 820 ILCS § 105/3(c), and the IWPCA, 820 ILCS § 115/2.

## FACTS

### DEFENDANT'S POLICY OF REQUIRING PLAINTIFF TO PURCHASE UNIFORMS WITHOUT REIMBURSEMENT

18. At all times relevant, Defendant imposed a uniform policy at its T-Mobile retail stores, requiring Plaintiff and those similarly situated to her to purchase certain articles of clothing to wear while working, including polo shirts or button-down shirts brandishing company insignia.

19. Defendant required Plaintiff and those similarly situated to her to purchase required uniform items at hire, the cost of which was deducted from their paychecks.

20. Defendant failed to reimburse Plaintiff and those similarly situated to her for the costs of acquiring and maintaining the required uniform items.

21. On or before the pay period ending November 15, 2016, Defendant deducted Plaintiff's wages in the amount of $25.00. This deduction was reflected in her paycheck stub under the description, "UNIFORMS-CLIENT". Defendant has failed to reimburse Plaintiff and the Class for these uniform deductions and by failing to do so, Defendant caused Plaintiff and the Class' wages to fall below the required minimum wage and/or below the hourly rates Defendant agreed to pay Plaintiff and the Class for all hours worked.

22. Defendant knew, required, approved, and/or suffered or permitted Plaintiff and the Class to acquire and maintain their uniforms without reimbursement.

23. Defendant's conduct was willful, in that Defendant knew or should have known that Plaintiff and the Class were not reimbursed for the costs of acquiring and maintaining their uniforms, as required.

24. At all times relevant, Defendant agreed to compensate Plaintiff and the Class on a time basis of computation, *i.e.*, at an agreed-upon hourly wage for all hours worked.

25. Defendant assigned each associate and other member of the Class an hourly rate, and Defendant agreed to compensate each such employee on a time basis computation, *i.e.*, hours worked times his or her hourly rate.

26. Despite the agreement to pay Plaintiff and the Class an agreed-upon hourly wage for all work performed, Defendant did not pay Plaintiff and other similarly situated employees their agreed-upon rate for performing all work required or permitted by Defendant, including

making deductions to the earned wages of Plaintiff and the Class for required uniform items.

27. Defendant's failure to compensate its hourly employees with the full amount of their agreed-upon wages has caused Plaintiff and the Class to suffer harm.

28. Defendant's hourly employees are entitled to compensation for all time they worked in any given week.

## **COUNT I**
## **Failure to Pay Minimum Wage and Overtime in Violation of the Fair Labor Standards Act;**
## **FLSA COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28 as Paragraph 29 of this Count I.

30. Plaintiff brings Count I of this Complaint as a collective action under the FLSA, 29 U.S.C. § 216(b), and seeks to represent the following described similarly situated persons:

> All persons who worked for Defendant as hourly employees at any time between January 2, 2014 and the present and until final resolution of the case and who did not receive full statutory minimum wage for all regular hours worked and/or overtime wages at the rate of one and one half times their regular rate for all time worked over 40 hours in individual work weeks (the "FLSA Class").

31. Plaintiff and the proposed FLSA class have been equally affected by Defendant's violations of the FLSA, which amount to a single decision, policy or plan to avoid paying all earned regular and overtime wages. Thus, there are questions of law and fact common to Plaintiff and the FLSA Class.

32. Plaintiff is similarly situated to the employees in the FLSA Class.

33. Plaintiff's claims or defenses are typical of the claims or defenses of the FLSA Class.

34. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the FLSA Class.

35. A collective action is the most appropriate method for a fair and efficient resolution of the matters alleged in Count I.

36. Under the FLSA, 29 U.S.C. §§ 206, 207, Defendant was and is required to pay Plaintiff and the FLSA Class the applicable minimum wage for all hours worked up to forty hours in any given workweek, and time and a half for all hours worked in excess of forty hours in any given workweek.

37. Defendant's books and records are material to Plaintiff's case as they disclose some of the hours worked by members of the FLSA Class and the amounts they were paid for that work.

38. Under the FLSA, 29 U.S.C. § 211(c), Defendant was required to maintain accurate records of hours worked by Plaintiff and the FLSA Class.

39. Defendant required Plaintiff and the FLSA Class to purchase uniform items without reimbursement and as a result failed to pay Plaintiff and the FLSA Class minimum and overtime wages for all hours worked and Defendant failed to pay them any statutorily required overtime wages for any of the time they worked in excess of forty hours per workweek, in violation of the FLSA, 29 U.S.C. §§ 206, 207.

40. Defendant's violation of the FLSA was willful.

41. Plaintiff and the members of the FLSA collective described in paragraph 30 have been damaged by not being paid the full amount of wages due to them for all time worked, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action, and as follows:

- a. Declare and find that the Defendant committed one or more of the following acts:
    - i. Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs; and
    - ii. Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs.
- b. Award compensatory damages, including all minimum and overtime wages, owed, in an amount according to proof;
- c. Award liquidated damages on all wages due to Plaintiff and all persons who opt-in as party plaintiffs;
- d. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;
- e. Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;
- f. Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and
- g. Grant such further relief as the Court deems just and equitable.

### COUNT II
### Failure to Pay Minimum and Overtime Wages In Violation of the Illinois Minimum Wage Law;
### IMWL CLASS ACTION ALLEGATIONS

42. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28 as Paragraph 42 of this Count II.

43. Plaintiff brings Counts II and III as a class action pursuant to Fed. R. Civ. P. 23.

44. Plaintiff seeks certification of the following class of similarly situated persons pursuant to Count II, brought under IWML:

> All persons who worked for Defendant as hourly employees in Illinois at any time between January 2, 2014 and the present and until final resolution of the case and who did not receive full statutory minimum wage for all regular hours worked and/or overtime wages at the rate of one and one half times their regular rate for all time worked over 40 hours in individual work weeks (the "IWML Class").

45. Plaintiff and the proposed IMWL Class have been equally affected by Defendant's violations of the IMWL. Thus, there are questions of law of fact common to Plaintiff and the IMWL Class.

46. These common questions of law and fact predominate over the variations, if any, that may exist between the members of the IMWL Class.

47. Plaintiff shares a common interest in the subject matter and remedy sought for the IMWL Class.

48. Plaintiff believes that the number of employees who fall within the IMWL Class exceeds 100. Therefore, the number of persons in the IMWL Class is so numerous that joinder of all the members is impracticable.

49. Plaintiff's claims or defenses are typical of the claims or defenses of the IMWL Class.

50. This is not a collusive or friendly action. Plaintiff is able to fairly and adequately represent and protect the interests of the IMWL Class.

51. Plaintiff has retained counsel experienced in complex employment litigation, including large wage and hour actions. Her counsel will fairly and adequately protect the interests of the IMWL Class.

52. If individual actions were required to be brought by each member of the IMWL Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL Class, to the Court, and to Defendant. Thus, a class action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count II.

53. Under the Illinois Minimum Wage Law, 820 ILCS § 105/4, Defendant was required to pay Plaintiff and the IMWL Class at least the minimum wage for all regular hours worked.

54. The IMWL, 820 ILCS § 105/8, requires employers to maintain accurate records of hours worked by employees.

55. Defendant's policies and practices have caused them to regularly under-report the time worked by Plaintiff and the IMWL Class on their check stubs.

56. Defendant required Plaintiff and the IMWL Class to purchase uniform items without reimbursement and as a result failed to pay Plaintiff and the IMWL Class at least the minimum wage for all hours worked up to 40 hours per workweek.

57. The IMWL, 820 ILCS § 105/4(a) requires Defendant to compensate Plaintiff and the IMWL Class at a rate of time of one-half their regular rate of pay for overtime hours, *i.e.,* hours worked in excess of 40 in a workweek.

58. Defendant required Plaintiff and the IMWL Class to purchase uniform items without reimbursement and as a result failed to pay Plaintiff and the IMWL Class the statutorily required overtime compensation for hours worked in excess of 40 in a workweek.

59. Defendant's violation of the IMWL was willful.

60. Plaintiff and the members of the IMWL Class have been damaged by not being paid the full amount of wages due to them for all time worked, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff, individually and on behalf all others similarly situated, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action, and as follows:

a. Declare and find that the Defendant violated provisions of the IMWL for Plaintiff and the other members of the IMWL Class;

b. Certify the IMWL Class defined in paragraph 44 pursuant to Fed. R. Civ. p. 23;

c. Award Plaintiff and all other similarly situated persons all unpaid minimum and overtime wages they earned;

d. Award 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to 820 ILCS § 105/12;

e. Award all costs and reasonable attorneys' fees incurred prosecuting this claim pursuant to 820 ILCS § 105/12(a); and

f. Grant such further relief as this Court deems equitable and just.

## COUNT III
**Failure to Pay Regular and Overtime Wages In Violation of the Illinois Wage Payment and Collection Act;**
**IWPCA CLASS ACTION ALLEGATIONS**

61. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28 as Paragraph 61 of this Count III.

62. Plaintiff, individually and on behalf of all others similarly situated, seeks to recover from Defendant unpaid wages, statutory penalties, attorneys' fees, and costs pursuant to Section 14(a) of the Illinois Wage Payment and Collection Act, 820 ILCS § 115/14(a).

63. As set forth *supra,* including paragraphs 24 to 25, Defendant agreed and assented to pay Plaintiff and the members of the putative IWPCA Class at an agreed-upon hourly rate for all work Defendant permitted or required in a workweek.

64. Plaintiff seeks certification of the following class of similarly situated persons pursuant to Count III, brought under the IWPCA:

> All persons who worked for Defendant as hourly employees in Illinois at any time between January 2, 2007 and the present and until final resolution of the case and who have not been paid the agreed-to wage for all hours worked in individual work weeks (the "IWPCA Class").

65. Plaintiff and the proposed IWPCA Class have been equally affected by Defendant's violations of the IWPCA. Thus, there are questions of law of fact common to Plaintiff and the IWPCA Class.

66. These common questions of law and fact predominate over the variations, if any, that may exist between the members of the IWPCA Class.

67. Plaintiff shares a common interest in the subject matter and remedy sought for the IWPCA Class.

68. Plaintiff believes that the number of employees who fall within the IWPCA Class exceeds 100. Therefore, the number of persons in the IWPCA Class is so numerous that joinder of all the members is impracticable.

69. Plaintiff's claims or defenses are typical of the claims or defenses of the IMWL Class.

70. This is not a collusive or friendly action. Plaintiff is able to fairly and adequately represent and protect the interests of the IWPCA Class.

71. Plaintiff has retained counsel experienced in complex employment litigation, including large wage and hour actions. Her counsel will fairly and adequately protect the interests of the IWPCA Class.

72. If individual actions were required to be brought by each member of the IWPCA Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the IWPCA Class, to the Court, and to Defendant. Thus, a class action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count III.

73. Defendant agreed to pay Plaintiff and the IWPCA Class on a time basis of computation for work performed based on the following formula; hourly rates times hours worked.

74. When Defendant hired Plaintiff and the members of the IWPCA Class, Defendant advised them of the specific hourly rates they would be paid for all work performed by them.

75. The IWPCA, 820 ILCS § 115/1 et seq. defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the two parties, whether the amount is determined on a time, task, piece, or any other basis of calculations".

76. At all times relevant, Defendant has been an "employer" as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

77. At all relevant times, Plaintiff and the other members of the putative IWPCA Class have been "employees" of Defendant, as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

78. At all relevant times, Plaintiff and the other members of the putative IWPCA Class have been "employees" of Defendant, as that term is defined by Section 2 of the IWPCA, 820 ILCS § 115/2.

79. The IWPCA further requires employers to pay employees all wages earned by an employee during a semi-monthly or bi-weekly pay period no later than 13 days after the end of the pay period in which such wages were earned. 820 ILCS § 115/4. The IWPCA provides that "every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS § 115/5.

80. Defendant violated the IWPCA by regularly and repeatedly failing to properly compensate Plaintiff and the members of the putative IWPCA Class for the actual time they worked each week by failing to reimburse their uniform purchases within 13 days of the date the putative IWPCA Class earned wages or by the next scheduled payday after their separation.

81. Defendant failed to pay Plaintiff and the members of the putative IWPCA Class the full amount due for all time worked on their regularly scheduled paydays, including but not limited to their final compensation, in violation of the IWPCA, 820 ILCS § 115/4.

82. Defendant failed to pay Plaintiff and the putative IWPCA Class the full amount they agreed to pay for all hours worked as result of the improper practices described herein.

83. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the members of the putative IWPCA Class have suffered and will continue to suffer lost wages and other damages.

84. Plaintiff and the other members of the putative IWPCA Class have been damaged by not being paid the full amount of wages due to them for all time worked, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment against Defendant and in favor of Plaintiff and all others similarly situated in a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action, and as follows:

a. Declare and find that the Defendant violated provisions of the IWPCA for Plaintiff and the other members of the putative IWPCA Class;

b. Certify the IWPCA Class defined in paragraph 64 pursuant to Fed. R. Civ. p. 23;

c. Award Plaintiff and all other similarly situated persons all actual damages;

d. Award 2% of the amount of underpayments for each month following the date of payment during which such underpayments remains unpaid pursuant to 820 ILCS § 115/14;

e. Award all costs and reasonable attorneys' fees incurred prosecuting this claim; and

f. Grant such further relief as this Court deems equitable and just.

Dated: January 2, 2017

Respectfully submitted,

/s/ Kasif Khowaja
*One of the Attorneys for Plaintiff*

| | |
|---|---|
| Kasif Khowaja | James X. Bormes |
| | Catherine P. Sons |
| **The Khowaja Law Firm, LLC** | **Law Office of James X. Bormes, P.C** |
| 70 East Lake Street | 8 South Michigan Avenue |
| Suite 1220 | Suite 2600 |
| Chicago, IL 60601 | Chicago, IL 60603 |

312-356-3200 – T                     312-201-0575 – T
312-386-5600 – F                     312-332-0600 – F
kasif@khowajalaw.com                 jxbormes@bormeslaw.com
*Co-Counsel for Plaintiff*           cpsons@bormeslaw.com